UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H. OLIVIA LORD, | § | |
|     Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 3:11-CV-3241-M |
| | § | ECF |
| DWAYNE A. THOMPSON, | § | |
|     Defendant. | § | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

Defendant, Dwayne A. Thompson ("Defendant" or "Thompson"), pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, Local Civil Rules LR 7.1 and 56.3 of the Local Rules of the United States District Court for the Northern District of Texas, and this Court's Electronic Order extending the deadline for dispositive motions to October 30, 2012, entered on October 11, 2012 (Docket Entry # 21), files this motion for summary judgment, and respectfully moves the Court to grant summary judgment on his behalf because there are no genuine issues as to any material fact regarding Plaintiff's claims against him. As a result, Thompson is entitled to judgment as a matter of law. In support of this motion, Thompson respectfully shows the Court the following:

### I.    SUMMARY

Plaintiff, H. Olivia Lord ("Lord" or "Plaintiff") brings this civil rights action asserting claims against Defendant, Dwayne A. Thompson ("Thompson" or "Defendant"), under 42 U.S.C. §§ 1983 and the Fourth Amendment for unreasonable seizure and unlawful arrest, and under Texas state law for malicious prosecution. Thompson has pleaded his entitlement to qualified and official immunity. (*See* Defendant Dwayne A. Thompson's Answer to Plaintiff's

First Amended Complaint, Defenses, and Jury Demand (Docket Entry #6).) Thompson now moves for summary judgment on Plaintiff's claims against him because there are no genuine issues of material fact for trial and Thompson is entitled to judgment as a matter of law.[1]

## II.   UNDISPUTED FACTS

The undisputed facts upon which this motion is based are as follows:

1. Thompson is a Texas Commission on Law Enforcement Officer Standards and Education (TCLEOSE) certified peace officer, and was so certified at all times relevant to the allegations in Plaintiff's Complaint. (Def. App. at 2.)

2. Thompson has been employed by the City of Dallas, Texas as a police officer since January 27, 1992. (*Id*.)

3. Thompson has been assigned to the Homicide Unit of the Dallas Police Department Crimes Against Persons Division as a homicide detective since 2006, and was so assigned on June 9, 2010, the date of the incident made the basis of this action. (*Id*.)

4. On May 9, 2010, Thompson, along with Detective Dale Lundberg, was assigned to investigate a shooting incident that had occurred shortly after midnight at 13721 Spring Grove Drive in Dallas, Texas. (*Id*. at 3.)

5. Thompson was the first detective to arrive on the scene. (*Id*.)

6. When Thompson arrived at the location, he spoke with Dallas police officer Vedran Nosic, who was the first uniformed patrol officer to arrive at the location. (*Id*.)

7. Officer Nosic informed Thompson that the deceased, Michael Burnside ("Burnside"), was found inside the house with a gunshot wound to the right side of his head. (*Id*.) Nosic stated further that Burnside's girlfriend, Lord, had communicated that she was present at the time of the shooting, and that Burnside had committed suicide. (*Id*.) Nosic also reported that Burnside's best friend, Brian Jaffee ("Jaffee"), had arrived at the location pursuant to Lord's request, and that he was outside the house with Lord. (*Id.*) Nosic advised further that Burnside had been transported to Parkland Memorial Hospital where he died. (*Id.*) Detective Lundberg arrived shortly thereafter at which time Thompson briefed him on the facts as he knew them. (*Id.*)

---

[1] As required by N.D. Tex. Local Civ. Rule 56.3, the elements of Lord's claims and Thompson's defenses as well as the legal and/or factual grounds upon which Thompson relies to support his summary judgment motion are set forth herein and in the Brief in Support of Defendant's Motion for Summary Judgment ("Brief"), which is filed contemporaneously with this motion. Thompson has also filed contemporaneously with his motion an Appendix in Support of Defendant's Motion for Summary Judgment ("App."), which is incorporated for all purposes in this summary judgment motion.

8. As part of Thompson's investigation, he conducted a recorded interview of Jaffee and Lord at police headquarters. (*Id.*) Thompson first interviewed Jaffee, and then Lord. (*Id.*) Lord gave a statement that was inconsistent with the one given by Jaffee. (*Id.*)

9. During the course of the investigation, Thompson obtained a substantial amount of evidence which led him to strongly believe that Burnside did not commit suicide as reported by Lord, but that he had been murdered by his girlfriend. (*Id.*)

10. Thompson did not immediately seek an arrest warrant. (*Id.*)

11. One month after the shooting, Thompson learned for the first time that Lord spoke to Sheida Rastegar ("Rastegar"), one of Burnside's neighbors, immediately after the shooting. (*Id.*) Thompson learned that Rastegar was an attorney who resided in a house located across the street from Burnside's house. (*Id.*)

12. On June 7, 2010, Detective Lundberg and Thompson went to Rastegar's home and spoke with him about his conversation with Lord. (*Id.*) Rastegar stated that on May 9, 2010, Lord ran out of the house screaming. (*Id.*) Rastegar approached Lord to find out what had happened, at which time Lord uttered words to the effect that she didn't mean to shoot him; it was an accident. (*Id.*)

13. On June 9, 2010, Rastegar gave a recorded statement at police headquarters. (*Id.*) In his recorded statement, Rastegar basically repeated what he had said two days earlier, but equivocated and stated that he could not recall the exact words that Lord said. (*Id.*) Notwithstanding the equivocation, Rastegar confirmed in his recorded interview that he spoke to Lord immediately after the shooting, and that Lord made an excited utterance in his presence to the effect that she didn't mean it and the shooting was accidental. (*Id.*) Rastegar inferred from Lord's statement that Lord shot the deceased, but it was an accident.

14. Based on Rastegar being an officer of the court, and the fact that Thompson had no facts, information, or reason to believe that Rastegar was being untruthful, Thompson reasonably believed that Rastegar had provided a truthful account of his conversation with Lord as it occurred after the shooting. (*Id.*)

15. Based on the totality of the evidence that had been obtained during the course of the investigation and Rastegar's statement concerning what Lord told him immediately after the shooting, Thompson reasonably believed that probable cause existed to obtain an arrest warrant for Lord for the murder of Michael Burnside. (*Id.* at 4.)

16. On June 9, 2010, Thompson drafted an Affidavit of Arrest Warrant, wherein he included the facts which he reasonably believed supported probable cause. (*Id.*) Thompson did not knowingly, intentionally, or with reckless disregard for the truth include any false statements in his affidavit, or maliciously withhold any facts or information which would have negated probable cause. (*Id.*)

17. On August 10, 2010, an examining trial was held to determine whether probable cause existed for Lord's arrest. (*Id.*, 4-17.) Thompson testified at the examining trial. (*Id.*) At the examining trial, Thompson elaborated on the facts that he included in his Affidavit for Arrest Warrant and the evidence that had been obtained during the course of the criminal investigation which he believed supported probable cause. (*Id.*) At the conclusion of the evidence, the court determined that probable cause existed for the arrest and ordered that the case against Hephzibah Olivia Lord proceed to the grand jury. (*Id.* at 4, 17.)

18. At all times during his investigation and preparation of the arrest warrant, Thompson was acting in good faith and within his discretionary authority as a police officer. (*Id.* at 4.) Thompson's actions leading up to and during the preparation of the affidavit for arrest warrant were undertaken pursuant to the exercise of the authority vested in him as a police officer of the City of Dallas. (*Id.*) Thompson believed that all of his actions were objectively reasonable and proper, and necessary to perform his duties. (*Id.*) At no time did Thompson act with malice or with an intent to deprive H. Olivia Lord of any of her legally protected rights.

### III.    ISSUES OF LAW

The issues of law presented by this motion are:

1. Whether Thompson is entitled to qualified immunity with respect to Lord's federal claims for unreasonable seizure under the Fourth Amendment.

2. Whether Thompson is entitled to official immunity with respect to Lord's Texas state law claim for malicious prosecution.

### IV.    ARGUMENT AND AUTHORITIES

The argument and authorities in support of this motion are contained in the Brief in Support of Defendant's Motion for Summary Judgment, filed contemporaneously with and accompanying this motion.

### V.    CONCLUSION

Thompson has established that no genuine issue of material fact exists with respect to Lord's claims against him; and that, to the extent a viable claim may exist, he is entitled to qualified and official immunity as a matter of law. Accordingly, summary judgment is

appropriate as to all claims against Thompson and this suit should be dismissed against him with prejudice.

WHEREFORE, Defendant Dwayne A. Thompson prays that the Court grant his motion for summary judgment; that this action against him be dismissed with prejudice; that Plaintiff H. Olivia Lord take nothing by this suit and all relief requested therein be denied; that he recover from Lord a reasonable attorney's fee and all costs of suit; and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

THOMAS P. PERKINS, JR.
Dallas City Attorney

s/ Tatia R. Wilson
Tatia R. Wilson
Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone:  214-670-3519
Telecopier:  214-670-0622

*Attorneys for Defendant, Dwayne A. Thompson*

## CERTIFICATE OF SERVICE

I certify that on October 30, 2012, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send notification to case participants registered for electronic notice.

s/ Tatia R. Wilson
Assistant City Attorney