UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H. OLIVIA LORD, | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 3:11-CV-3241-M |
| | § | ECF |
| DWAYNE A. THOMPSON, | § | |
| Defendant. | § | |

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

Defendant, Dwayne A. Thompson ("Defendant" or "Thompson"), pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, Local Civil Rules LR 7.1 and 56.3 of the Local Rules of the United States District Court for the Northern District of Texas, and this Court's Electronic Order extending the deadline for dispositive motions to October 30, 2012, entered on October 11, 2012 (Docket Entry # 21), files this Brief in Support of Defendant's Motion for Summary Judgment.  Thompson incorporates by reference his Appendix in Support of Defendant's Motion for Summary Judgment, filed contemporaneously herewith.  Thompson moves for summary judgment on his affirmative defense of qualified immunity.

**I.**

**ARGUMENT AND AUTHORITIES**

**A.      Summary Judgment Standard**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  "[T]he

substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323; *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992). Once the moving party has satisfied this initial burden, the burden then shifts to the nonmoving party to show that summary judgment is not proper. *Duckett v. City of Cedar Park,* 950 F.2d 272, 276 (5th Cir. 1992). To withstand a motion for summary judgment, the nonmovant must present evidence sufficient to establish the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex,* 477 U.S. at 322-23. In other words, the nonmovant must set forth specific facts supported by competent summary judgment evidence that would establish each of the challenged elements of its case for which it will bear the burden of proof at trial. *Topalian,* 954 F.2d at 1131. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

**B.     Qualified Immunity**

Qualified immunity is an affirmative defense available to government officials sued for constitutional violations under 42 U.S.C. § 1983. *White v. Taylor,* 959 F.2d 539, 544 (5th Cir. 1992). A defendant official must affirmatively plead the defense of qualified immunity. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). Defendant Thompson has pleaded this defense. (*See* Defendant Dwayne A. Thompson's Answer to Plaintiff's First Amended Complaint, Defenses and Jury Demand (Docket Entry #6 at PageID 49).)

Qualified immunity protects government officials who perform discretionary functions from suit as well as liability for civil damages, to the extent their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  The protection of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments," *Messerschmidt v. Millender*, ___U.S. ___, 132 S.Ct. 1235, 1245, 182 L.Ed.2d 47 (2012) (citation omitted), and applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.  *Pearson v. Callahan,* 555 U.S. 223, 231 (2009).

Once the defense of qualified immunity is raised, the plaintiff has the burden to establish facts that overcome the defense. *Collier v. Montgomery,* 569 F.3d 214, 217 (5th Cir. 2009). The plaintiff must show that: (1) the defendant's conduct violated a constitutional right, and (2) the defendant's conduct was objectively unreasonable in light of clearly established law as it existed at the time of the conduct in question. *Id.*  Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury. *Callahan*, 623 F.3d at 253.  Courts may exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*  at 236.

**C.  Plaintiff's Fourth Amendment Unreasonable Seizure Claims: Lord cannot establish a constitutional violation based on either an alleged *Franks*[1] violation or an alleged *Malley*[2] violation**

Plaintiff's Complaint alleges an unreasonable seizure claim based on an alleged *Franks* violation.  (*See* Pl's Compl. at 13 ¶¶43, 44, 48.)   To establish this claim, Lord must show that

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

Thompson's Affidavit of Arrest Warrant ("Arrest Affidavit") contains material false statements or omissions that are deliberate falsehoods or evidence a reckless disregard for the truth. *Franks,* 438 U.S. at 155-56.

Under section 19.02 of the Texas Penal Code, a person commits murder if he intentionally or knowingly causes the death of an individual. Tex. Pen. Code Ann. § 19.02 (West).  Thompson set forth the facts in his Arrest Affidavit which he believed established probable cause for murder (which included facts that Burnside had been shot to the right side of the head, Lord was present when the shooting occurred, Lord gave an inconsistent statement during the course of the criminal investigation, and Rastegar's account of his conversation with Lord in which she made an excited utterance to the effect that she did not mean to shoot Burnside).  (*Id.* at 1, 4, 15).  A magistrate judge determined that probable cause existed for Lord's arrest based on those facts.  (*Id.* at 1.)  The summary judgment evidence further establishes that Thompson did not knowingly, intentionally, or with reckless disregard for the truth provide false, material information in the Arrest Affidavit, or maliciously withhold facts or information that would have negated probable cause. (*Id.* at 4.)  Because Thompson's Arrest Affidavit did not include any false statements or material omissions, Lord cannot establish a *Franks* violation and Thompson is entitled to summary judgment on his defense of qualified immunity.

Assuming *arguendo* that Lord can establish a *Franks* violation, Thompson is nevertheless entitled to qualified immunity because an objectively reasonable police officer could have believed based on a totality of the evidence obtained during the investigation that probable cause existed to arrest Lord for murder, and that her arrest was lawful, in light of clearly established

---

[2] *Malley v. Briggs*, 475 U.S. 335 (1986).

law.   Accordingly, Thompson is entitled to summary judgment on his defense of qualified immunity for any alleged *Franks* violation.

Plaintiff's Complaint alleges, in the alternative, an unreasonable seizure claim based on an alleged *Malley* violation.  (*See* Pl's Compl. at 14 ¶¶ 49, 50.)  To establish this claim, Lord must show that Thompson's Arrest Affidavit was facially invalid and unsupported by probable cause.  *See Malley*, 475 U.S. at 345.

As previously shown, Thompson submitted his Arrest Affidavit to a magistrate judge who found probable cause for the issuance of the arrest warrant based on the facts alleged in the Arrest Affidavit.  (Def's App. at 1, 4, 15.)  A reviewing court should pay great deference to the magistrate's ultimate determination of probable cause.  *United States v. Ventresca*, 380 U.S. 102, 108 (1965).  Thompson's Arrest Affidavit was not a "barebones" affidavit.  *Cf. Spencer v. Staton,* 489 F.3d 658, 661-662 (5th Cir. 2007) (described as a "textbook example of a facially invalid, 'barebones' affidavit," a warrant affidavit alleging, in support of an accessory after the fact charge, a conclusory statement that the woman "did help her husband . . . evade law enforcement officers after the two had committed armed robbery and first degree murder".) Here, Thompson included in the Arrest Affidavit specific facts which he believed established probable cause for murder, which included Rastegar's account of what Lord said to him immediately after the shooting.  Because Lord cannot establish a *Malley* violation, Thompson is entitled to qualified immunity.

Assuming *arguendo* that the arrest warrant was facially deficient, Thompson is nevertheless entitled to qualified immunity.   Where an alleged Fourth Amendment violation involves a seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that an officer acted in an objectively reasonable manner, or in objective

good faith.  *Millender*, 132 S.Ct. at 1245.  Like the magistrate judge in this case, an objectively reasonable police officer could have believed that the Arrest Affidavit contained facts sufficient to establish probable cause, and that based on a totality of the evidence obtained, the warrant should have been issued.  Because Lord cannot establish that Thompson's Arrest Affidavit was "so lacking in indicia of probable cause as to render an official belief in its existence entirely unreasonable," *see Millender*, 132 S.Ct. at 1245 (citation omitted), Thompson is entitled to summary judgment on his defense of qualified immunity for any alleged *Malley* violation.

**D.     Plaintiff's Due Process and Equal Protection Claims**

Plaintiff's Complaint contains vague allegations that Thompson deprived her of her liberty without due process of law and equal protection of the laws in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983.  Pl's Compl. at 13 ¶ 45.  The Complaint states only and generally that Thompson violated these rights without any reference to specific facts.  Because Lord has failed to allege any facts to support either of these claims, Thompson is entitled to summary judgment on Plaintiff's due process and equal protection claims.

**E.     Plaintiff's State Law Claim for Malicious Prosecution**

**1.   No malicious prosecution**

Plaintiff asserts a state law claim against Thompson for malicious prosecution.  Under Texas law, to prevail on a malicious prosecution claim Lord must show that (1) a criminal action was commenced against her; (2) the prosecution was caused by Thompson or with his aid; (3) the action terminated in Lord's favor; (4) Lord was innocent; (5) Thompson acted without probable cause; (6) Thompson acted with malice; and (7) the criminal proceeding damaged Lord. *See Hayter v. City of Mount Vernon,* 154 F.3d 269, 275 (5th Cir. 1998); *Richey v. Brookshire*

*Grocery Co.,* 952 S.W.2d 515, 517 (Tex. 1997). Here, Lord cannot establish the fifth and sixth elements of her malicious prosecution claim.

As demonstrated above, Thompson's Arrest Affidavit sets forth the facts upon which Thompson relied to establish probable cause. Moreover, on August 10, 2010, an examining trial was held subsequent to Lord's arrest to determine whether probable cause existed. (Def.'s App. at 4, 5). At the examining trial, Thompson testified further concerning the facts which he believed established probable cause for Lord's arrest.[3] (*Id.* at 4, 5-16.) There is no evidence that Thompson at any time acted with malice in initiating criminal charges against Lord, or in procuring the arrest warrant. Because Lord cannot establish a lack of probable cause or the existence of malice on Thompson's part, Thompson is entitled to summary judgment on Plaintiff's malicious prosecution claim.

### 2. Official immunity

Even if Lord could establish a claim of malicious prosecution, Thompson is entitled to summary judgment on his defense of official immunity. Official immunity is an affirmative defense that protects government employees from personal liability. *University of Houston v. Clark,* 38 S.W.3d 578, 580 (Tex. 2000). Under Texas law, government employees are entitled to the defense of official immunity from suit for conduct arising from the performance of (1) discretionary duties; (2) performed in good faith, as long as the actions were (3) within the scope

---

[3]Thompson testified that Lord and Burnside had argued prior to the shooting (Def.'s App. at 10); that Lord told Thompson that after the shooting she gathered Burnside with her hands (*Id.* at 11); that Lord told Thompson that she did not wash her hands after the shooting (*Id.*); that there was no visible blood on Lord's forearms or hands when Thompson later examined them (*Id.*); that Lord smelled of cleaning solution (*Id.* at 12); that trajectory estimates at the scene indicated that the bullet round entered Burnside's head on the right side low and exited out of the left side high, or at an angle (*Id.* at 16); that Lord indicated Burnside may have committed suicide because he was depressed and in financial debt, which was inconsistent with what other close friends had said about Burnside (*Id.* at13-14); that after the shooting, Rastegar heard Lord make an excited utterance to the effect, she didn't mean to shoot Burnside (*Id.* at 15); and that Lord did not tell Thompson that she was involved in the shooting. (*Id.*). At the conclusion of the evidence, the magistrate judge determined that probable cause existed and ordered the case be referred to the grand jury. (*Id.* at 4, 17.)

of the employee's authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). The conduct that forms the basis for a claim of malicious prosecution in Texas is the defendant's initiation or procurement of a criminal prosecution against the plaintiff. *See Richey,* 952 S.W.2d at 517.   A person "initiates" a criminal prosecution when he makes a formal charge. *Browning-Ferris Indus., Inc. v. Lieck,* 881 S.W.2d 288, 292 (Tex. 1994).   A person "procures" a criminal prosecution if his actions are enough to cause the prosecution and, but for his actions, the prosecution would not have occurred. *Id.* To prevail on summary judgment, Thompson must show that his initiation or procurement of a criminal prosecution against Lord was a discretionary duty performed in good faith within the scope of his authority.

The summary judgment evidence establishes that Thompson was at all relevant times acting as a police officer and, therefore, a government employee (Def.'s App. at 4), and that he was discharging the duties generally assigned to him when he submitted to the magistrate judge the Arrest Affidavit.  (*Id.* at 3, 4.)  Thompson, therefore, was acting within the scope of his authority as a police officer.  *See Chambers,* 883 S.W.2d at 658.  The only remaining issues are whether Thompson's actions were discretionary functions and done in good faith.

Texas courts have consistently held that a law enforcement officer's decision to file a criminal complaint and his procurement of an arrest warrant are discretionary acts.  *Smith v. Davis,* 999 S.W.2d 409, 414 (Tex. App.—Dallas 1999, no pet.) (citations omitted).  Thompson's actions in procuring an arrest warrant for Lord and initiating criminal charges against her were, therefore, discretionary functions.  This element of Thompson's official immunity defense is established as a matter of law.

The second element of official immunity requires that an official's actions be taken in good faith.  To establish that initiation of the criminal prosecution was done in good faith as a

matter of law, Thompson need only show that a reasonably prudent officer, under the same or similar circumstances, could have believed his actions were justified. *City of Dallas v. Aguirre,* 977 S.W.2d 862, 863 (Tex. App.—Dallas 1998, no pet.).   Although good faith is measured against an objective standard of reasonableness, it is not necessary for Thompson to prove that all reasonably prudent officers would have made the same decision. *City of Coppell v. Waltman*, 997 S.W.2d 633, 637-38 (Tex. App.—Dallas 1998, no pet.).   An officer can act negligently and still be held to have acted in good faith. *Id.*   Thompson merely has to show that a reasonable official, possessing the same information he had at the time, could have believed his conduct was lawful. *See Chambers,* 883 S.W.2d at 656.

As previously shown, Thompson provided at the examining trial specific facts of which he was aware when he executed the Arrest Affidavit. (*See* FN. 3 *supra*, Def's App. at 10-15.) Based on those facts, the facts expressly included in the Arrest Affidavit, and totality of the evidence obtained during the investigation, Thompson reasonably believed that probable cause existed to arrest Lord for murder. (Def's App. at 1, 4, 10-15.)   The summary judgment evidence establishes that Thompson was acting in good faith and without malice when he made the Arrest Affidavit.   Thompson has met his summary judgment burden as to official immunity and, therefore, is entitled to judgment as a matter of law.

## II.

## <u>CONCLUSION</u>

For the reasons herein stated, Thompson has established his entitlement to qualified and official immunity with respect to Plaintiff's federal and state law claims.   Plaintiff cannot establish, or raise a genuine issue of material fact, as to Thompson's entitlement to qualified and

official immunity.  Accordingly, summary judgment should be granted on all claims in favor of Thompson.

WHEREFORE, Defendant Dwayne A. Thompson prays that the Court grant his motion for summary judgment; that this action against him be dismissed with prejudice; that Plaintiff take nothing by this suit and all relief requested therein be denied; that he recover from Plaintiff a reasonable attorney's fee and all costs of suit; and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

THOMAS P. PERKINS, JR.
Dallas City Attorney

s/ Tatia R. Wilson
Tatia R. Wilson
Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone:  214-670-3519
Telecopier:  214-670-0622

*Attorneys for Defendant, Dwayne A. Thompson*

## CERTIFICATE OF SERVICE

I certify that on October 30, 2012, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send notification to case participants registered for electronic notice.

s/ Tatia R. Wilson
Assistant City Attorney