IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H. OLIVIA LORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. 3:11-CV-3241-M |
| | § | |
| DWAYNE A. THOMPSON, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S PROPOSED JURY CHARGE**

TO THE HONORABLE COURT:

The following is Plaintiff H. Olivia Lord's proposed Jury Charge:

Respectfully submitted,

By:  /s/ Don Tittle
Don Tittle, attorney-in-charge
State Bar # 20080200
LAW OFFICES OF DON TITTLE
6301 Gaston Avenue, Suite 440
Dallas, Texas  75214
(214) 522-8400
(214) 389-1002- Fax
dontittle@earthlink.net

*ATTORNEY FOR PLAINTIFF
  H. OLIVIA LORD*

1

## **CERTIFICATE OF SERVICE**

  I certify that on December 24, 2013, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

 Tatia R. Wilson
 Jason G. Schuette
 City Attorney's Office
 1500 Marilla Street, Room 7B North
 Dallas, Texas  75201

                */s/ Don Tittle*
                Don Tittle

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. [Do not decide who you think should win and then answer the questions accordingly.] Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.] (Specific limiting instructions may be repeated as appropriate.)

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

[Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you

are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. [You may now retire to the jury room to conduct your deliberations.]

SOURCE: Fifth Circuit PJC (2006) 3.1 GENERAL INSTRUCTIONS FOR CHARGE (in part)


Plaintiff Olivia Lord has filed a complaint under 42 U.S.C. § 1983 against Dallas homicide detective Dwayne Thompson for violating her civil rights. Lord asserts that shortly after midnight in the early morning of May 9, 2010, Michael Burnside ("Burnside") died of a self-inflicted gun shot wound.

A month after Burnside's death, Dallas Police Department detective Dwayne Thompson submitted a sworn Affidavit of Arrest Warrant to a Dallas magistrate to obtain a warrant for Lord's arrest on a charge of murder. Lord asserts that Thompson intentionally or recklessly omitted from the Affidavit substantial evidence that, considered as a whole, was exculpatory, and selectively submitted evidence in a manner that was misleading.

These omissions and misstatements negated probable cause to arrest Lord. Thompson further misrepresented to the magistrate that probable cause existed "based on the totality of the evidence obtained" when the totality of the evidence tended to negate, rather than support, probable cause.

Lord asserts that she was unlawfully arrested and detained without probable cause, and that Thompson intentionally or recklessly failed to disclose exculpatory evidence in the Affidavit of Arrest Warrant that he submitted to the magistrate in violation of the Fourth Amendment. Lord also asserts that the totality of the evidence proved that probable cause did not exist, but because Thompson knowingly and intentionally, or with reckless disregard for the truth, failed to present to the magistrate in his Affidavit an accurate portrayal of the "totality of the evidence," an arrest warrant was signed and issued on June 9, 2010. Lord asserts that the unlawful arrest based on Thompson's affidavit violated her constitutional rights and caused her injuries.

In addition, Lord asserts that Thompson's actions constituted malicious prosecution under Texas state law. A criminal prosecution was commenced against Lord by Thompson, and Thompson initiated or procured the prosecution. Thompson did not have probable cause to initiate or procure the prosecution of Lord, and he acted with malice. The prosecution was terminated in Lord's favor when the murder charge was "no-billed" by the grand jury. Lord is innocent of the charge. Lord had to retain criminal defense lawyers to defend her against the charge.

Lord seeks compensatory damages for past and future mental anguish, past and future pain and suffering, past and future damage to her reputation, and past and future

lost wages and lost earning capacity and for the economic loss incurred in having to defend herself against the criminal charge that was filed against her as a result of Thompson's actions and omissions. Lord also seeks damages for malicious prosecution, including the costs she incurred in having to defend herself against the criminal charges filed against her, such as the money she paid for legal representation. Lord also seeks exemplary damages.

SOURCE: Pretrial Order

    Lord asserts that Thompson, while acting under color of authority of the State of Texas as a member of the Police Department of the City of Dallas, intentionally violated Lord's constitutional rights. The constitutional rights that Lord claims Thompson violated are: the right not to be deprived of liberty without due process of law, the right to be secure in her person against unreasonable seizure, and the right to be free from arrest without probable cause. Under the Constitution of the United States, a citizen has the constitutional right to her liberty and the right not to be arrested or seized without due process of law, the right to be free from an unreasonable and illegal seizure of her person, and the right to be free from arrest without probable cause.

    A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates her rights under the Constitution of the United States.

    Lord must prove each of the following by a preponderance of the evidence:

1.     That Thompson intentionally or recklessly committed acts that violated one or more of Lord's Federal constitutional rights that I have described to you;

  2.  That in so doing Thompson acted "under color" of the authority of the State of Texas; and

  3.  That Thompson's acts were the legal cause of Lord's damages.

[In this case the parties have stipulated (agreed) that Thompson acted "under color" of state law and you must accept that fact as proven]; or

[State or local officials act "under color" of the authority of the State when they act within the limits of their lawful authority.  However, they also act "under color" of the authority of the State when they act without lawful authority or beyond the bounds of their lawful authority if their acts are done while the officials are purporting or pretending to act in the performance of their official duties.  An official acts "under color" of state authority if he abuses or misuses a power that he possesses only because he is an official.]

  There is a clearly established constitutional right to be free from arrest without probable cause.  "Probable cause" exists when the facts available at the time of the arrest would support a reasonable person's belief that an offense has been, or is being, committed and that the individual arrested is the guilty party.  To succeed on her unlawful arrest claim, Lord must present evidence establishing misconduct that is more than simple negligence.  Normally, a neutral magistrate's determination that probable cause existed will shield an officer from a claim of unlawful arrest.  However, if the officer, acting intentionally or with reckless disregard for the truth, fails to provide the magistrate with information that is critical to a finding of probable cause, then the officer may be held liable. An officer's omission of clearly critical evidence or his misrepresentation of a known

fact can be unreasonable and an indication of the recklessness necessary to find liability for unlawful arrest.

Lord must also prove by a preponderance of the evidence that the act or failure to act by Thompson was a cause-in-fact of the damage Lord suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. Lord must also prove by a preponderance of the evidence that the act or failure to act by Thompson was a proximate cause of the damage Lord suffered. An act or omission is a proximate cause of Lord's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you find that Lord has proven her claim, you must then consider Thompson's defense that his conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that Thompson is therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens. United States citizens are protected against an arrest without probable cause in violation of their Fourth Amendment rights against unreasonable searches and seizures.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time that Thompson submitted his sworn Affidavit of Arrest Warrant to the magistrate, you find from a preponderance of the evidence that Lord has proved that Thompson, acting

10

intentionally or with reckless disregard for the truth, failed to provide the magistrate with information that was critical to a finding of probable cause, or that he misrepresented a material fact, you must find for Lord.  If, however, you find that Thompson's actions were objectively reasonable and he had a reasonable belief that his actions did not violate the constitutional rights of Lord, then you cannot find him liable even if Lord's rights were in fact violated as a result of Thompson's objectively reasonable action.

SOURCE:  Fifth Circuit PJC 10.l (2006)   42 U.S.C. § 1983 (in part)
         *Jones v. City of Grand Prairie*, 209 F.3d 719, No. 99-10104 (5th Cir. Feb. 9, 2000)
         *Blackwell v. Barton*, 34 F.3d 298, 303 (5th Cir.1994) (definition of probable
          cause)

If Lord has proven her claims against Thompson by a preponderance of the evidence, you must determine the damages to which Lord is entitled.  You should not interpret the fact that I have given instructions about Lord's damages as an indication in any way that I believe that Lord should, or should not, win this case.  It is your task first to decide whether Thompson is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Thompson is liable and that Lord is entitled to recover money from Thompson.

SOURCE:  Fifth Circuit PJC (2006)  15.1  CONSIDER DAMAGES ONLY IF NECESSARY

If you find that Thompson is liable to Lord, then you must determine an amount that is fair compensation for all of Lord's damages.  These damages are called

11

compensatory damages. The purpose of compensatory damages is to make Lord whole—that is, to compensate Lord for the damage that she has suffered.

You may award compensatory damages only for injuries that Lord proves were proximately caused by Thompson's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Lord's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which Lord has actually suffered or that Lord is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Lord prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

You may award damages for mental anguish and emotional pain and suffering that Lord experienced in the past or will experience in the future as a result of the violation of her constitutional rights. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Lord for the damages she has

suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

You may award damages for any loss of ability to earn money sustained in the past and any such loss in the future.

If you find that Thompson's actions caused Lord to be unlawfully arrested, you may award compensatory damages for her legal expenses, including the costs of bail and to retain her attorneys.

> PUNITIVE DAMAGE INSTRUCTION AND QUESTIONS inserted after Question No. 4

SOURCE: Fifth Circuit PJC (2006) (as modified)

- 15.2 COMPENSATORY DAMAGES
- 15.4 INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS OF CAPACITY FOR ENJOYMENT OF LIFE
- 15.7 LOST EARNINGS/TIME/EARNING CAPACITY

In an action for malicious prosecution, a plaintiff may recover general damages. These may include the harm to Lord's reputation resulting from the accusation brought against her and the emotional distress resulting from the criminal proceedings. Additionally, a plaintiff may recover special damages. These may include the harm legally caused by any arrest or imprisonment suffered by Lord during the course of the criminal proceedings; the expense Lord reasonably incurred defending herself from the accusation, and any specific pecuniary loss legally caused by the criminal proceedings.

SOURCE: *Eans v. Grocer Sup.*, 580 S.W.2d 17, 22-23 (Tex. App.—Houston [1st Dist.] 1979, no writ); *Thrift v. Hubbard*, 974 S.W.2d 70, 80-81 (Tex. App.—San Antonio 1998, pet. denied).

**JURY QUESTIONS**

**Question No. 1**

Do you find by a preponderance of the evidence that detective Dwayne Thompson, acting intentionally or with reckless disregard for the truth, submitted a sworn Affidavit of Arrest Warrant to the magistrate that either misrepresented a material fact, or failed to provide the magistrate with information that was critical to a finding of probable cause, and that resulted in the magistrate issuing an arrest warrant for Olivia Lord on June 9, 2010?

Answer "Yes" or "No."

_____

**Question No. 2**

Do you find by a preponderance of the evidence that this constitutional violation was a cause-in-fact and proximate cause of Olivia Lord's injuries?

Answer "Yes" or "No."

_____

**Question No. 3**

Did detective Dwayne Thompson maliciously prosecute Olivia Lord?

"Malicious prosecution" occurs when one person initiates or procures, with malice, and without probable cause at the time the prosecution is commenced, the prosecution of the innocent person.

"Malice" means ill will, bad or evil motive, or such gross indifference to the rights of others as to amount to a willful or wanton act.

"Probable cause" means the existence of such facts and circumstances as would excite belief in a person of reasonable mind, acting on the facts or circumstances within his knowledge at the time the prosecution was commenced, that the other person was guilty of a criminal offense. The probable cause determination acts whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted.

Answer "Yes" or "No."

_____

SOURCE:  Texas Pattern Jury Charge 6.4  Malicious Prosecution


If you answered "Yes" to both Questions 1 and 2, or "Yes" to Question 3, then answer Question 4. If you answered "No" to Questions 1 and 2, and "No" to Question 3, then skip Question 4.


**Question No. 4**

What sum of money, if paid now in cash, would fairly and reasonably compensate Olivia Lord for her injuries, if any, that resulted from detective Dwayne Thompson's violation of her constitutional rights?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Answer in dollars and cents for damages, if any.

a. Mental anguish and emotional pain and suffering Lord sustained in the past.

   Answer: _____

b. Mental anguish and emotional pain and suffering that in reasonable probability Lord will sustain in the future.

   Answer: _____

c. Damage to her reputation that Lord sustained in the past.

   Answer: _____

d. Damage to her reputation that in reasonable probability Lord will sustain in the future.

   Answer: _____

e. Loss of income that Lord sustained in the past.

   Answer: _____

f. Loss of income that in reasonable probability Lord will sustain in the future.

   Answer: _____

g. Loss of earning capacity that Lord has sustained in the past.

   Answer: _____

h. Loss of earning capacity that in reasonable probability Lord will sustain in the future.

   Answer: _____

i. Legal expenses that Lord incurred as a result of her unlawful arrest.

   Answer: _____

If you answered "Yes" to both Questions 1 and 2, or "Yes" to Question 3, then read the instructions below and answer Question 5. If you answered "No" to Questions 1 and 2, and Question 3, then do not answer Question 5.

**PUNITIVE DAMAGES**

If you find that the defendant is liable for the plaintiff's injuries, you also may award punitive damages, if the plaintiff has proved that the defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that the defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further

sanctions to achieve punishment or deterrence. You may consider the financial resources of the defendant in fixing the amount of punitive damages and you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

**Question No. 5**

Do you find by a preponderance of the evidence that Dwayne Thompson acted willfully or with reckless indifference to the rights of Olivia Lord?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question 5, then answer Question 6.  If you answered "No" to Question 5, then skip Question 6.

**Question No. 6**

What sum of money should be paid by Dwayne Thompson as punitive damages?

Answer in dollars and cents.

Answer: _____

**<u>Alternate Question regarding Malicious Prosecution Damages:</u>**

What sum of money, if paid now in cash, would fairly and reasonably compensate Olivia Lord for her injuries, if any, that resulted from detective Dwayne Thompson's malicious prosecution of her?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Answer in dollars and cents for damages, if any.

a. General damages for malicious prosecution.

Answer: _____

b. Special damages for malicious prosecution.

Answer: _____