

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| H. OLIVIA LORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. 3:11-cv-03241-M |
| DWAYNE A. THOMPSON, | § | |
| | § | |
| Defendant. | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard the evidence in the case, I will instruct you on the law you must

apply. First, I will give you some general instructions which apply in every case: for example,

instructions about burden of proof and how to judge the believability of witnesses. Then I will

give you some specific rules of law about this particular case, and finally I will explain to you

the procedures you should follow in your deliberations. After I instruct you on the law, the

attorneys will have an opportunity to make their closing arguments.

### GENERAL INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—

that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules

of law as I explain them to you. You have no right to disregard or give special attention to any

one instruction, or to question the wisdom or correctness of any rule I may state to you. You

must not substitute or follow your own notion or opinion as to what the law is or ought to be. It

is your duty to apply the law as I explain it to you, regardless of the consequences.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

The Plaintiff in this case is H. Olivia Lord, whom I will refer to as "Lord" or the "Plaintiff."  The Defendant in this case is Dwayne A. Thompson, whom I will refer to as "Thompson" or the "Defendant."

Certain questions require a "preponderance of the evidence" for an affirmative answer. Preponderance of the evidence means the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence means the amount of evidence that persuades you that a claim is more likely true than not true. Other questions require "clear and convincing evidence", which is a greater burden of proof, for an affirmative answer. Clear and convincing evidence means that it is highly probable that a certain fact is true. In determining whether any fact has been proven by a preponderance of the evidence or by clear and convincing evidence, you may, unless otherwise instructed, consider the parties' stipulations, testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. Lord has the burden of proof by a preponderance of the evidence on Questions 1, 2, 3, 4, 5, and any subparts thereof. Lord has the burden of proof by clear and convincing evidence on Questions 6, 8, and any subparts thereof. Thompson has the burden of proof by a preponderance of the evidence on Question 7.

You may have heard of the phrase "proof beyond a reasonable doubt."  That is a stricter standard that applies in criminal cases.  It does not apply at all in this case.  You should therefore put it out of your minds.

As I told you earlier, it is your duty to determine the facts.  Remember that any

statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not hold it against an attorney or his client because the attorney has made objections.

When I allowed testimony or other evidence to be introduced over the objection of any attorney, the Court was not indicating any opinion as to the weight or effect of such evidence, and you may give such evidence the significance you believe appropriate. If the Court sustained an objection to a question addressed to a witness, you are to disregard the question entirely and may draw no inference from the wording of it or speculate as to what the witness would have said if the witness had been permitted to answer. If I struck any testimony and instructed you to disregard it, you must do so. If I instructed you to consider an exhibit only for a limited purpose, you must do so.

Do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony. You should carefully examine all the testimony given, the

circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. In weighing the testimony of a witness, you should consider the witness's motive; any bias or prejudice the witness may have; the witness's demeanor or manner while testifying; the witness's interest, if any, in the outcome of the case; the witness's candor, fairness and intelligence; the witness's opportunity and ability to see or hear or know things that the witness testified about; the quality of the witness's memory; and whether the witness's testimony has been supported or contradicted by other credible evidence. You may accept or reject the testimony of any witness in whole or in part.

In weighing the credibility of a witness, you may consider the fact that he has previously been convicted of a felony, a crime involving dishonesty or a false statement. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

A witness may be "impeached," or discredited, by a showing that the witness testified falsely concerning some important fact, or by evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, as you think it deserves.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has

to do with an important fact, or only with an unimportant detail.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence, you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—an expert witness—is permitted to state an opinion on those technical matters.  However, you are not required to accept that opinion.  As

with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Certain testimony has been presented to you through depositions. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned the witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read and/or shown to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

In deciding the facts of this case, you must not be swayed by bias, prejudice, or favor as to any party. Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent

recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## SPECIFIC INSTRUCTIONS

## CONTENTIONS OF THE PARTIES

Lord asserts that Thompson, while acting under color of authority of the State of Texas as a member of the Police Department of the City of Dallas, violated Lord's constitutional rights. The constitutional rights that Lord claims Thompson violated are: the right not to be deprived of liberty without due process of law, the right to be secure in her person against unreasonable seizure, and the right to be free from arrest without probable cause. Thompson denies that he violated Lord's constitutional rights, and contends that his conduct was objectively reasonable. Lord also asserts that Thompson subjected her to a malicious prosecution. Thompson denies that he subjected Lord to a malicious prosecution and contends that he is entitled to official immunity. Lord asserts that she has suffered and will suffer mental anguish and emotional pain and suffering, damage to her reputation, loss of income, and loss of earning capacity and that she incurred reasonable attorney's fees and expenses in defending herself.

## 42 U.S.C. § 1983 AND CONSTITUTIONAL RIGHTS

Lord has brought suit against Thompson under 42 U.S.C. § 1983, which provides for redress of injuries, in the form of money damages, resulting from a violation of an individual's constitutional or federal statutory rights by a person acting under color of state law. Section 1983 provides that: "every person who, under color of any statute, ordinance, regulation, custom, usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation

of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper legal proceeding for redress."

In order to prevail on her claim under this statute, Lord must prove each of the following three elements by a preponderance of the evidence:

1.   That Thompson intentionally or recklessly committed acts that violated one or more of Lord's constitutional rights that I have described to you;

2.   That in so doing, Thompson acted under color of the authority of the State of Texas; and

3.   That Thompson's acts were the legal cause of Lord's damages.

In this case, the parties have stipulated, or agreed, to the second element–that is, that Thompson acted under color of state law, and you must accept that fact as proven.

A person acts intentionally when it is his conscious objective or desire to engage in the conduct challenged. A person acts recklessly with respect to the nature of his conduct or to the result of his conduct when he is aware of, but consciously disregards, a substantial and unjustifiable risk that the circumstances exist or the result will occur.

You must first decide whether Thompson committed the acts that Lord claims that Thompson committed; and, if so, you must then decide whether Thompson was acting within or beyond the bounds of his authority under law. If Thompson acted within the limits of his lawful authority under law, then he did not deprive Lord of any right without due process of law.

There is a clearly established constitutional right to be free from arrest without probable cause. A police officer has probable cause to arrest and detain an individual when the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant in a person of reasonable caution

the belief that a criminal offense has been or is being committed and that the individual to be arrested has committed that offense.  A showing of probable cause requires more than mere suspicion but less evidence than that needed to support a conviction, which is beyond a reasonable doubt, or that needed to support a finding by a preponderance of the evidence.

To succeed on her unlawful arrest claim, Lord must present evidence establishing misconduct that is more than mere negligence.  Normally, a neutral magistrate's determination that probable cause existed will shield an officer from a claim of unlawful arrest.  However, if the officer, acting intentionally or with reckless disregard for the truth, fails to provide the magistrate with information that is critical to a finding of probable cause, or misrepresents a known fact, this may be considered as unreasonable or reckless behavior that may support liability for unlawful arrest.

Under Texas state law, an individual commits a homicide if he or she:  (1) intentionally or knowingly causes the death of an individual, or (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

Lord must also prove, by a preponderance of the evidence, the third element of her Section 1983 claim—legal causation.  First, she must prove that the act or failure to act by Thompson was a cause-in-fact of injury or damage Lord suffered.  An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages.  Lord must also prove by a preponderance of the evidence that the act or failure to act by Thompson was a proximate cause of the damage Lord suffered.  An act or omission is a proximate cause of Lord's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission. Whether Thompson had probable cause for his

actions is measured at the time of *his* challenged actions.

## QUALIFIED IMMUNITY

If you find that Lord has proven her claim, you must then consider Thompson's defense that his conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident at issue, and that he is therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens. United States citizens are protected against an arrest without probable cause by virtue of their Fourth Amendment right against unreasonable searches and seizures. At the time that Thompson submitted his affidavit in support of a warrant for Lord's arrest, it was clearly established law that a police officer cannot deliberately or recklessly make material omissions in an affidavit for a warrant.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time that Thompson submitted his sworn affidavit to the magistrate for an arrest warrant, you find from a preponderance of the evidence that Lord has proven that Thompson, acting intentionally or with reckless disregard for the truth, failed to provide the magistrate with information that was critical to a finding of probable cause, or that he misrepresented a material fact, you must find for Lord. It is Lord's burden to prove that Thompson is not entitled to qualified immunity.

If, however, you find that Thompson's actions were objectively reasonable, and he had a reasonable belief that his actions did not violate the constitutional rights of Lord, then you cannot find him liable for a violation of Section 1983, even if Lord's rights were in fact violated as a result of Thompson's actions.

## MALICIOUS PROSECUTION

Lord also asserts a claim under state law for malicious prosecution. Malicious prosecution occurs when a person initiates or procures, with malice, and without probable cause, the prosecution of an innocent person.

To prove malicious prosecution, Lord must show the (1) commencement of a criminal prosecution against her, (2) initiated or procured by Thompson, (3) without probable cause, (4) terminated in favor of Lord, (5) who was innocent, (6) with malice, (7) resulting in damage to Lord.

"Malice" means ill will, bad or evil motive, or such gross indifference to the rights of others as to amount to a willful or wanton act.

A person procures a criminal prosecution if his actions were enough to cause the prosecution, and but for his actions the prosecution would not have occurred. A person does not procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another, including a law enforcement official or the grand jury, unless the person fails to fully and fairly disclose all material information known to him or knowingly provides false information.

Causation is an element of a malicious prosecution case. To recover for malicious prosecution when the decision to prosecute is within another's discretion, a plaintiff has the burden of proving that that decision to prosecute would not have been made but for the false information supplied by the defendant.

### *OFFICIAL IMMUNITY*

Thompson denies that he subjected Lord to a malicious prosecution and asserts official immunity as a defense to Lord's malicious prosecution claim, and he has the burden of proof on

this defense.  Peace officers are entitled to official immunity from liability for actions arising from the performance of: (1) their discretionary duties (2) in good faith (3) as long as they are acting within the scope of their authority.

You are instructed that peace officers are performing discretionary duties within the scope of their authority when performing the duties generally assigned to them, including conducting criminal investigations, swearing out affidavits for arrest warrants, and testifying at examining hearings.

A peace officer acts in good faith if his actions are objectively reasonable. In other words, to establish good faith, Thompson must prove that a reasonably prudent peace officer could have believed that the actions he took, or failed to take, were appropriate in light of the information possessed by Thompson at the time the conduct occurred.

## DAMAGES

If Lord has proven her claims against Thompson by a preponderance of the evidence, you must determine the damages to which Lord is entitled. If you find that Thompson is liable to Lord, you must award such amount as you may find by a preponderance of the evidence constitutes full and just compensation for all of Lord's actual damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Lord whole—that is, to compensate Lord for any damage that she has suffered. You also will be asked to determine if Thompson is liable for punitive damages, and, if so, you will be asked to fix the amount of those damages.  Because the method of determining punitive damages and compensatory damages differ, I will instruct you separately on punitive damages.

You should not interpret the fact that I have given instructions about Lord's damages as an indication in any way that I believe that Lord should, or should not, win this case. It is your

task first to decide whether Thompson is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Thompson is liable and that Lord is entitled to recover money from Thompson.

### COMPENSATORY DAMAGES

You may award compensatory damages only for injuries that Lord has proven were proximately caused by Thompson's allegedly wrongful conduct. If you decide to award damages to Lord, they must be fair compensation for all of Lord's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which Lord has actually suffered or that Lord is reasonably certain to suffer in the future. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make a plaintiff whole, or to restore her to the position she would have been in if the incident had not happened.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Lord prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damages, to the extent you find that Lord has established such damages by a preponderance of the evidence: (1) mental anguish and emotional pain and suffering sustained in the past or reasonably certain to be sustained in the

future; (2) damage to reputation sustained in the past or reasonably certain to be sustained in the future; (3) loss of income that Lord sustained in the past or that she is reasonably certain to sustain in the future; (4) loss of earning capacity that Lord has sustained in the past or is reasonably certain to sustain in the future; and (5) her legal expenses, including the costs of bail, reasonable attorney's fees, and investigative costs in defense of the criminal case.

Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate Lord for her injuries. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

In considering the damages of Lord, if any, you are to consider only the actual damages suffered by her as outlined in these instructions and not base your award, if any, on an abstract value of a constitutional right unaccompanied by actual injury.

Mental anguish implies a relatively high degree of pain and distress; it is more than mere disappointment, anger, resentment, or embarrassment, although it may include all of these, and it includes mental sensation of pain resulting from such painful emotions such as grief, severe disappointment, indignation, wounded pride, shame, despair, and public humiliation.

## *PUNITIVE DAMAGES*

If you find that Thompson is liable, you are also to decide whether Lord is entitled to an award of punitive damages. The function of punitive damages is to punish a defendant for malicious or shocking conduct and to deter similar conduct by others.

Whether you decide to award any punitive damages for Lord's claims under § 1983 should be based on whether you find that Lord has proven, by clear and convincing evidence,

that Thompson acted willfully, maliciously, or with callous and reckless disregard of Lord's constitutional rights. A willful and malicious act is one that is knowingly done out of ill will, spite, evil motive or intent or is plainly intended to harm another. One acts with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows, or which would be apparent to a reasonable person in his condition. To recover punitive damages for malicious prosecution, Lord must show by clear and convincing evidence that the harm for which she seeks recovery results from malice.

If you determine that Thompson's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. The law does not require you to award punitive damages; however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if a defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

# JURY QUESTIONS

## Question 1(a):

Did Lord prove that Thompson, acting intentionally or with reckless disregard for the truth, submitted to the magistrate a sworn affidavit in support of a warrant for Lord's arrest that either misrepresented a material fact, or failed to provide the magistrate with information that was critical to a finding of probable cause?

Answer "Yes" or "No":   _Yes_

*If you answered "yes" to Question 1(a), then proceed to Question 1(b). If you answered "no" to Question 1(a), then proceed to Question 3.*

## Question 1(b):

Did Lord prove that no reasonable officer could have believed that Thompson's affidavit in support of the warrant for Lord's arrest was lawful, in light of clearly established law and the information Thompson possessed when he submitted his affidavit to the magistrate?

Answer "Yes" or "No":   _Yes_

*If you answered "yes" to Question 1(a), then proceed to Question 2. Otherwise, proceed to Question 3.*

**<u>Question 2:</u>**

Did Lord prove that Thompson's actions, as found by you in answer to Question 1(a), were the cause-in-fact and proximate cause of injury to Lord?

Answer "Yes" or "No": _Yes_

*Proceed to Question 3.*

**Question 3:**

Did Lord prove that Thompson maliciously prosecuted her?

Answer "Yes" or "No":  _Yes_____

*If you answered "yes" to Question 3, then proceed to Question 4. If you answered "no" to Question 3, but answered "yes" to Question 2, then proceed to Question 5. Otherwise, this concludes the Questions you are to answer, and the foreperson should sign and date the verdict form at the last page.*

**<u>Question 4:</u>**

Did Lord prove that but for Thompson's actions, the prosecution of Lord would not have occurred?

Answer "Yes" or "No":  _Yes_

*If you answered "yes" to Question 2 or Question 4, then proceed to Question 5. Otherwise this concludes the Questions you are to answer, and the foreperson should sign and date the verdict form at the last page.*

**Question 5:**

What sum of money, if any, if now paid in cash, would fairly and reasonably compensate Lord for her compensatory damages which were directly and proximately caused by the conduct by Thompson found in your answer to Question 1(a) or 3 or both?  In answering this question, you may consider the following categories of damages. Do not include interest on any amount of damages you may find. Answer in dollars and cents, if any, or zero.

a.  Mental anguish and emotional pain and suffering Lord sustained in the past.

Answer: _____$200,000._____

b.  Mental anguish and emotional pain and suffering that in reasonable certainty Lord will sustain in the future.

Answer: _____$50,000,_____

c.  Damage to her reputation that Lord sustained in the past.

Answer: _____$10,000._____

d.  Damage to her reputation that in reasonable certainty Lord will sustain in the future.

Answer: _____25,000_____

e.  Loss of income that Lord sustained in the past.

Answer: _____$100,000_____

f.  Loss of income that in reasonable certainty Lord will sustain in the future.

Answer: _____0_____

g.  Loss of earning capacity that Lord has sustained in the past.

Answer: _____0_____

h.  Loss of earning capacity that in reasonable certainty Lord will sustain in the future.

Answer: _____0_____

i. Legal expenses, including costs of bail, reasonable attorney's fees, and investigative costs in defense of the criminal case.

Answer: _____ # 63701.01 _____

*If you answered "yes" to Question 2, then proceed to Question 6(a). If you answered "no" to Question 2 but "yes" to Question 4, then proceed to Question 7.*

**Question 6(a):**

Did Lord prove that Thompson's actions, as found by you in your answer to Question 1(a), were willful, malicious, or were done in callous and reckless disregard of Lord's constitutional rights?

Answer "Yes" or "No": _Yes_

*If you answered "yes" to Question 6(a) then proceed to Question 6(b). If you answered "no" to Question 6(a), but answered "yes" to Question 4 then proceed to Question 7. Otherwise this concludes the Questions you are to answer, and the foreperson should sign and date the verdict form at the last page.*

**Question 6(b):**

What amount of punitive damages, if any, should be assessed against Thompson for his violations of Lord's constitutional rights? Answer in dollars and cents, if any, or zero.

Answer: _$250,000_

*If you answered "yes" to Question 4 then proceed to Question 7. Otherwise this concludes the Questions you are to answer, and the foreperson should sign and date the verdict form at the last page.*

**Question 7:**

Did Thompson prove that he is entitled to official immunity?

Answer "Yes" or "No":  _____NO_____

*If you answered "no" to Question 7, then proceed to Question 8. If you answered "yes" to Question 7, this concludes the Questions you are to answer, and the foreperson should sign and date the verdict form at the last page.*

**Question 8:**

What amount of punitive damages, if any, should be assessed against Thompson for his

malicious prosecution of Lord? Answer in dollars and cents, if any, or zero.

Answer:  _100,000_

*This concludes the Questions you are to answer. The foreperson should sign and date the verdict form at the last page.*

## FINAL INSTRUCTIONS

To reach a verdict, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

I want to advise you that although our court reporter has taken down all of the testimony, it is not done in such a way that we can read back or furnish testimony to you at your request. Only when you have a specific disagreement as to a particular witness's testimony on a specific subject can we attempt to obtain that information for you.

If you need to communicate with the Court during your deliberations, the foreperson should write the message and give it to the court security officer. The Court will always first show the attorneys your question and my response before the Court answers your question. The Court will either reply to you in writing or bring you back into the courtroom to answer your message. I caution you, however, with respect to any message or question you might send, that you should never state or specify your numerical division at the time.

When you retire to the jury room to deliberate, you will be given this charge and the exhibits that the Court has admitted into evidence. You should select one of your members as your foreperson, who will help to guide your deliberations and will speak for you here in the

courtroom.  During your deliberations you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.  If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you have reached a unanimous verdict, your foreperson must fill in your answers to the written questions and sign and date the verdict form.  Unless instructed otherwise, you are not to disclose your numerical division on any question.  Finally, do not reveal your answers to the questions until I direct you to do so.  After you have reached a verdict, you are not required to talk with anyone about the case.  You may now retire to the jury room to conduct your deliberations.

**DATED:**  January _15_, 2014

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS